## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MICHAEL LOZANO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO. C-12-34** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Michael Lozano is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Ferguson Unit in Midway, Texas. The actions about which he complains occurred in Nueces County, Texas. Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 18, 2012 (D.E. 1).[1] The underlying conviction which is the subject of the petition is a 2008 Nueces County conviction for murder. Petitioner argues that his constitutional rights were violated in a number of ways during the trial. On March 26, 2012 respondent filed a motion for summary judgment (D.E. 11) to which petitioner did not respond. For the reasons stated herein, it is respectfully recommended that respondent's motion be granted and that petitioner's application for habeas corpus relief be denied with prejudice because it is time-barred.

---

[1] See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)(federal habeas petition is considered filed on date it is placed in prison mail system).

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because petitioner was convicted in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Following a plea of not guilty, petitioner was tried in front of a jury for the murder of an acquaintance, Rico Rodriguez.  The prosecution presented evidence that petitioner and another man, Steven Perez, went to an apartment where Rodriguez was staying and shot Rodriguez through the door of the apartment.  The evidence indicated that only one of the men had the gun and it was unclear whether it was petitioner or Perez who actually shot Rodriguez.  The jury charge included instructions regarding the law of parties.

The jury convicted petitioner of murder and assessed his punishment at seventy-five years in TDCJ-CID and also assessed a fine in the amount of $10,000.  Judgment was entered on April 2, 2008.  Ex Parte Lozano, WR-76,314-01 at 144-145 (D.E. 12-25 at 53-54).  Petitioner filed a direct appeal and his conviction was affirmed by the Thirteenth Court of Appeals on February 4, 2010.  Id. at 130-137 (D.E. 12-25 at 39-46).  Petitioner did not file a petition for discretionary review ("PDR")(Mot. for Sum. Jmt., Ex. A; D.E. 11-1, p. 2).

Petitioner filed an application for habeas corpus review in state court on January 19, 2011.  Ex Parte Lozano, WR-76,314-01 at 2-80 (D.E. 12-24 at 7-85).  The Texas

2

Court of Criminal Appeals denied the application without written order on the findings of the trial court on September 7, 2011.  Id. at "Action Taken" page (D.E. 12-24 at 2).

Petitioner filed this federal habeas corpus action on January 18, 2012 (D.E. 1).  He makes the following arguments: (1) The jury charge did not require jurors to make a unanimous finding that petitioner was guilty beyond a reasonable doubt and (2) The jury charge authorized jurors to base their finding of petitioner's guilt on an alleged accomplice's intent and guilt, even though the accomplice had not yet been found guilty.

In his motion for summary judgment, respondent contends that petitioner's claims are barred by the statute of limitations.   Respondent concedes that the petition is not second or successive but reserves the right to argue whether petitioner has exhausted his state court remedies should petitioner disagree with respondent's characterization of his claims.

## APPLICABLE LAW

### A.  Statute of Limitations

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitations period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Petitioner's conviction became final 30 days after his conviction was affirmed by the Thirteenth Court of Appeals, which was the expiration of time for seeking further review, or on March 8, 2010.  Tex. R. App. Pro. 68.2.[2]  He had one year from that date, or until March 8, 2011, to file his petition.  He did not file it until January 18, 2012, more than ten months too late.

---

[2]Petitioner noted that he filed a PDR after the deadline had expired and that the PDR was rejected.  The period during which his request to file an out-of-time PDR was pending did not operate to toll the statute of limitations.  See Jiminez v. Quarterman, 555 U.S. 113, 120, n. 4, 129 S.Ct. 681, 686, n. 4, 172 L.Ed.2d 475(2009)(the possibility that a state court may reopen direct review does not render convictions and sentences that are no longer subject to direct review nonfinal (internal citation omitted).

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  Petitioner filed his state habeas application on January 19, 2011 and it was pending until September 7, 2011, a total of 232 days.  Adding 232 days to the federal filing deadline extended it to October 26, 2011.  Petitioner still missed the filing deadline by almost three months.

Petitioner has not shown that he is entitled to equitable tolling of the statute of limitations.  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008)(quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  Id. (citing United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  Coleman, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  A petitioner seeking to have the AEDPA limitations period tolled must show

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition. Lawrence v. Florida, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

The only reason petitioner offered for missing the filing deadline was that he did not have the proper documentation to calculate the filing deadline because of "constant shakedowns" on the prison unit which caused him to lose legal documents. However, petitioner waited ten months from the time his conviction became final until he filed his state habeas application. Regardless of whether his legal documents were lost, had he been pursuing his rights diligently, he would not have waited ten months to begin the habeas process. Accordingly, petitioner has not shown that he is entitled to equitable tolling of the statute of limitations.

**B.  Merits**

Respondent did not address the merits of petitioner's claims. Should the district court not adopt the recommendation that his habeas cause of action be dismissed as time-barred, briefing on the merits will be ordered and a supplemental Memorandum and Recommendation will be filed.

**C.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

6

28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

7

right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find it debatable that petitioner's claims are barred by limitations. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

### RECOMMENDATION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 11) be granted. Petitioner's application for habeas corpus relief should be denied with prejudice because it is time-barred. It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 14th day of May, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).